UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN SIMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-02077-WTL-MJD |
| JOHN DOE Officer, JOHN DOE Sgt., Officer of the State of Indiana Department of Correction at R.D.C., | ) |
| Defendants. | ) |

**Entry Granting Motion to Proceed *In Forma Pauperis*,
Dismissing Complaint, and Directing Plaintiff to Show Cause or Amend**

**I. Motion to Proceed *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 12, is **granted**. Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse *pre-*payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

**II. Screening**

Plaintiff prisoner John Sims brings this civil rights action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

The complaint names as defendants Officer John Doe and Sgt. John Doe, both of whom were employed at the Reception Diagnostic Center. Mr. Sims seeks compensatory damages and a declaratory judgment. He also seeks an order ceasing the defendants' job duties until his claims are resolved.

Mr. Sims alleges that Sgt. John Doe ordered Officer John Doe to spray Mr. Sims with mace because Mr. Sims got on a table and jumped into a wall head first, while Mr. Sims was restrained in behind-the-back handcuffs. He further alleges that Captain John Doe later told Sgt. John Doe that he should not have ordered the mace because Mr. Sims was already secure with handcuffs and was not being combative against the officers. The Captain told Sgt. John Doe that they should have opened the cell door and pulled Mr. Sims out of his cell.

Mr. Sims does not identify any defendant by name, nor does he allege when the alleged incident occurred. He also does not allege that he suffered any physical injury from the mace. An inmate cannot recover for mental or emotional injury "without a prior showing of physical injury…." 42 U.S.C. § 1997e(e).

The claims against both of the John Does are **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

While it is true that Mr. Sims may be allowed to conduct discovery to attempt to learn the identity of the defendants, he must first state a viable claim and injury and also must allege sufficient facts to narrow the scope of who the defendants might be.

Mr. Sims' request for an order terminating the defendants' job duties is **dismissed for failure to state a claim upon which relief can be granted** because this Court does not have the authority to order the temporary or permanent termination of the defendants' employment.

### III. Report Change of Address

The *pro se* plaintiff shall report any change of address within seven (7) days of any change. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Show Cause

The complaint must be dismissed for the reasons set forth above. Mr. Sims shall have **through October 9, 2018,** in which to either show cause why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP

applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

Any amended complaint should include facts about the date, time and place of the incident and, if known, a description of the alleged defendants. If Mr. Sims suffered any physical injury, he shall allege that as well.

If Mr. Sims fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date: 9/7/18

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN SIMS
232623
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362